IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Elliott Ozment, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| United States Department of Homeland ) | |
| Security, Immigration and Customs ) | |
| Enforcement, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes now the Plaintiff, Elliott Ozment, and states for his Freedom of Information Act ("FOIA") claim against Defendant United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") as follows:

## NATURE OF THE ACTION

1. This is an action under FOIA, 5 U.S.C. § 552, seeking an order declaring that ICE has failed to produce any requested records in relation to a FOIA request submitted by Plaintiff on March 9, 2011 and received by ICE no later than March 10, 2011 (ICE FOIA Request Number 2011FOIA 6788).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B).

3. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff Elliott Ozment is an immigration attorney engaged in the *pro bono* legal representation of individuals arrested during the "joint operation" referenced in his March 9, 2011 FOIA request ("March 9 Request").

5. Defendant ICE is an arm of the U.S. Department of Homeland Security, which is a federal agency of the United States. ICE has possession and control over the records sought in this case.

## FACTS

**A. ICE's "Joint Operation" at the Clairmont Apartment Complex**

6. Beginning around 5:30 P.M. on October 20, 2010, no less than twelve (12) ICE agents, officers, and supervisors conducted an armed "joint operation" with several detectives from the Metro Nashville Police Department (MNPD) Gang Unit in a predominantly Hispanic residential apartment complex in Nashville, Tennessee.

7. During this "joint operation," ICE personnel entered several homes.

8. ICE made 20 arrests. MNPD made no arrests.

9. Responding to media inquiries about the "joint operation," ICE Spokesperson Temple Black stated: "In this case, ICE's Fugitive Operations Team was assisting local law enforcement with field interviews of suspected street gang members and targeted ICE fugitives."

10. Responding to media requests about the "joint operation," MNPD Spokesperson Don Aron stated: "On October 20, 2010, Gang detectives and ICE agents split into groups and a plan was begun to conduct simultaneous knock and talks at each of the four targeted apartments (law enforcement knocked on apartment doors, spoke with

those who answered and, at the same time, looked for wanted suspects or criminal activity)."

11. Evidence has emerged to suggest these statements by the MNPD and ICE contain demonstrable falsehoods and indicia of a concerted effort to mislead the public about what transpired during the "joint operation" at the Clairmont Apartment Complex.

12. For instance, MNPD records indicate that only a single field interview was conducted, and those records show no evidence of ICE participation in "field interviews of suspected street gang members," as ICE claims through Mr. Black.

13. Similarly, while MNPD claimed to have assisted ICE in apprehending a gang member nicknamed "Danilo" during the operation, no MNPD record exists to substantiate this claim.

14. And while ICE and the MNPD claim to have targeted only four apartment units, street gang members, and ICE fugitives, ICE agents forced entry into a non-targeted apartment, and these agents arrested several men with no gang affiliations who were merely standing on the sidewalk or sitting in their car.

15. Given the tremendous impact of the ICE-MNPD operation on Nashville's immigrant community, and the continued cooperation between these two law enforcement agencies, detailed records of what actually happened before, during, and after this operation will shed public light on the manner in which each agency has conducted itself, and the candor and truthfulness of each agency in responding to media requests.

**B. Plaintiff's FOIA Request**

16. On March 10, 2011, Plaintiff submitted a FOIA request to ICE seeking agency records related to the "joint operation" at the Clairmont Apartment complex. (Attached as **Exh. A**).

17. On March 28, 2011, ICE mailed Plaintiff a letter dated March 18, 2011 from Catrina M. Pavlik-Keenan, ICE FOIA Officer. This letter indicates ICE's intent to invoke a 10-day extension of the period within which FOIA requires ICE to respond. (Attached as **Exh. B**).

18. On April 1, 2011, Plaintiff mailed a letter to the ICE FOIA office acknowledging receipt of its March 18 letter, and indicating that he is not waiving his right to a timely response within the timeframe provided by statute. (Attached as **Exh. C**).

19. As of the date this Complaint is being filed, Plaintiff has received no responsive records from ICE.

## CAUSE OF ACTION

### COUNT I
### Claim for Declaratory and Injunctive Relief Under FOIA

20. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

21. The requested records in Plaintiff's FOIA Request 2011FOIA6788 are agency records subject to FOIA.

22. Defendants have records responsive to these FOIA requests in their possession. Plaintiff has a statutory right to the records he seeks, and there is no legal basis for Defendants' refusal to provide them.

23. Defendants' failure to execute a sufficient search and to produce responsive records violates the Freedom of Information Act, 5 U.S.C. § 552(a).

24. ICE's refusal to respond in any substantive manner to the requests for records and information in Plaintiff's March 9 request is arbitrary and capricious.

25. ICE failed to respond to Plaintiff's request, or to his appeal, within the statutory time period. Thus, Plaintiff is deemed to have exhausted his administrative remedies.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1) Enter judgment in favor of Plaintiff and against ICE;

2) Declare that ICE unlawfully failed to respond to Plaintiff's FOIA Request 2011FOIA6788.

3) Pursuant to 5 U.S.C § 552(a)(4)(A)(F), issue written findings that ICE's decision to refuse to respond to Plaintiff's FOIA Requests 2011FOIA6788 is arbitrary, capricious and contrary to law;

4) Enjoin ICE's withholding of responsive records to FOIA Requests 2011FOIA6788 and order immediate production of all responsive records;

5) Award Plaintiff costs and reasonable attorney's fees in this action; and

6) Grant such other and further relief as the Court may deem just and proper.

Dated: May 6, 2011

Respectfully submitted,

*Elliott Ozment*
―――――――――――――――――
Elliott Ozment, Attorney for Plaintiff
Law Offices of Elliott Ozment
1214 Murfreesboro Pike
Nashville, TN 37217
(615) 321-8888 (Office)
(615) 321-5230 (Fax)
E-Mail: elliott@ozmentlaw.com
TN BPR # 4331