IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ELLIOTT OZMENT,                )
                               )
                               )
    Plaintiff,              )
                               )
v.                             )   Case No. 3:11-cv-00429
                               )   JUDGE HAYNES
UNITED STATES DEPARTMENT OF    )
HOMELAND SECURITY,             )
IMMIGRATION AND CUSTOMS        )
ENFORCEMENT,                   )
                               )
    Defendant.              )

M E M O R A N D U M

    Plaintiff, Elliott Ozment, filed this action under 5 U.S.C. § 552 against the Defendant, the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). Plaintiff's claims arise out of ICE's alleged failure to respond to Plaintiff's Freedom of Information Act ("FOIA") request and produce records pertaining to an operation conducted by ICE agents and Metropolitan Nashville Police Department detectives in the Clairmont Apartment Complex in Nashville, Tennessee.

    Before the Court is ICE's motion to dismiss (Docket Entry No. 15), contending that ICE has responded to Plaintiff's FOIA request and this action is now moot. The Court ordered Plaintiff to show cause why this action is not moot. (Docket Entry No. 16). Plaintiff responded to the Court's Order to show cause asserting that ICE has failed to produce all of the records described in Plaintiff's initial FOIA request. (Docket Entry No. 17). Specifically, Plaintiff asserts (1) that ICE improperly withheld multiple email records from Lee Clark Worsham, Nashville Fugitive Operations Team Deportation Officer, to Tracy Hall, regional manager of Greystar Real Estate Partners, LLC; (2) that ICE improperly withheld email records to and from Ryan Hubbard, ICE

Homeland Security Investigations Special Agent; and (3) that ICE's improper withholding of crucial email records from the two ICE agents responsible for the raid suggests ICE's search was fundamentally inadequate. Plaintiff also asserts that ICE has failed to furnish an index under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973) or affidavits indicating ICE's reasons for withholding requested records.

In its reply (Docket Entry No. 18), ICE contends, in part, that Plaintiff has not exhausted his administrative remedies in that the Vaughn index is provided by an agency only after the requesting person has reviewed the records provided and administratively appealed any deficiencies. Further, ICE asserts Plaintiff is not entitled to a Vaughn index during the administrative process, even if he has constructively exhausted his administrative records.

For a Rule 12(b)(6) motion to dismiss, the Court must deny the motion if the complaint's factual allegations "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[T]he allegations of the complaint should be construed favorably to the pleader." Scheuer v Rhodes, 416 U.S. 232, 236 (1974) and the Court must "treat all of the well-pleaded allegations of the complaint as true." Miree v. Dekalb Cnty., Ga., 433 U.S. 25, 27 n.2 (1977). Yet, a legally sufficient complaint, "requires more than bare essentials of legal conclusions." Columbia Natural Resources, Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995) and the district court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Lillard v. Shelby Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996) (citations omitted).

2

en

"Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." Oglesby v. United States Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990). However, "[a]dministrative remedies are 'deemed exhausted' if the agency fails to comply with the 'applicable time limit' provisions of the FOIA." Ruotolo v. Dep't of Justice, Tax Div., 53 F.3d 4, 8 (2d Cir. 1995) (citing 5 U.S.C. § 552(a)(6)(C)). The FOIA's applicable time limit provisions are as follows:

> Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall--
>
> (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and
>
> (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.

5 U.S.C. § 552 (a)(6)(A)(i) and (ii). Actual exhaustion of administrative remedies is required if the agency responds to the FOIA request before the requester files suit. Oglesby, 920 F.2d at 61.

Plaintiff's complaint and attached documents allege that on March 9, 2011, Plaintiff submitted a FOIA request to ICE seeking agency records related to the "joint operation" at the Clairmont Apartment complex. In letters dated March 18, 2011, ICE acknowledged receipt of Plaintiff's request on March 17, 2011 and invoked a ten-day extension of the twenty-day time period to respond to Plaintiff's request. ICE also informed Plaintiff of the

3

1343 requests ahead of his request and assured Plaintiff that ICE would process his request as expeditiously as possible.[1] On May 6, 2011, Plaintiff filed the complaint in this action. On September 2, 2011, ICE provided Plaintiff with the requested records.

Although ICE's initial response to Plaintiff's request was within the statutory period and indicated its intent to comply with Plaintiff's request, the response was not sufficient under 5 U.S.C. § 552(a)(6)(A)(i) as ICE's letter does not advise Plaintiff of his right to appeal any adverse decision.[2] See Oglesby, 920 F.2d at 65 (An agency's initial response under § 552(a)(6)(A)(i) "is sufficient for purposes of requiring an administrative appeal if it includes: the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse. Assuming an agency's initial response complies with these requirements, the FOIA requester must appeal to the head of the agency."). Thus, Plaintiff was not required to exhaust his administrative remedies before filing this action.

As to Plaintiff's argument that ICE failed to produce all the requested documents, the Court concludes from its review of the record that Plaintiff has not exhausted his administrative remedies with regard to the adequacy of ICE's response. See Voinche v. F.B.I., 999 F.2d 962, 963-64 (5th Cir. 1993) (concluding that the plaintiff's tardiness claim was rendered moot by the agency's response and that judicial review of the adequacy of an

---

[1] Plaintiff's complaint also states that ICE failed to respond to Plaintiff's appeal; however, the Court is without information sufficient to determine whether Plaintiff filed an appeal or whether ICE complied with FOIA's statutory requirements regarding an appeal. (Docket Entry No. 1 at ¶ 25).

[2] The Court acknowledges that Exhibit A to Plaintiff's complaint indicates that Plaintiff was aware of his right to appeal. See Docket Entry No. 1-1.

4

agency's response was precluded for plaintiff's failure to exhaust his administrative remedies as to the adequacy of an agency's response).

Accordingly, the Court concludes that ICE's motion to dismiss (Docket Entry No. 15) should be granted. To challenge the adequacy of ICE's response, Plaintiff must first exhaust his administrative remedies on that issue.

An appropriate Order is filed herewith.

**ENTERED** this the ___1st___ day of December, 2011.

                                              WILLIAM J. HAYNES, JR.
                                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ELLIOTT OZMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-00429 |
| | ) | JUDGE HAYNES |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY, | ) | |
| IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In accordance with the Memorandum filed herewith, the Defendant's motion to dismiss (Docket Entry No. 15) is **GRANTED**.

It is so **ORDERED**.

**ENTERED** this the ___1st___ day of December, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge